IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BMG MUSIC**, a New York general partnership; **WARNER BROS. RECORDS INC.**, a Delaware corporation; and **UMG RECORDINGS, INC.**, a Delaware corporation, | ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | 8:05CV244 |
| v. | ) ) ) | **ORDER** |
| **JOHN DOE,** | ) ) ) | |
| **Defendant.** | ) ) | |

Plaintiffs have filed a COMPLAINT FOR COPYRIGHT INFRINGEMENT naming a "John Doe" defendant. The matter is now before the court on plaintiffs' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY for the purpose of determining the actual identity of the defendant (#1).

### BACKGROUND

The complaint alleges that the plaintiffs are copyright owners or licensees of exclusive rights with respect to certain copyrighted sound recordings. Plaintiffs were informed that "John Doe" has used an online media distribution system to download, distribute to the public, and/or make available for distribution to others, certain of the copyrighted recordings, thus violating the plaintiffs' exclusive rights of reproduction and distribution. Plaintiffs seek injunctive relief, statutory damages under § 17 U.S.C. 504(c), and attorneys' fees and costs pursuant to § 17 U.S.C. 505.

Based on information provided to them by the Recording Industry Association of America, Inc. (RIAA), the plaintiffs learned that the John Doe defendant in this case was offering files for download on peer-to-peer (P2P) file copying networks or media distribution systems. The networks in question are associated with the "Internet2," a consortium led by over 200 universities to develop advanced network applications, technologies, and an ultra-high speed network. A user connected to the Internet2 is able to transfer files at a significantly higher rate than that of a typical broadband Internet user.

As to the infringement alleged in this case,

> In the ordinary course of investigating online copyright infringement, the RIAA became aware that Defendant was offering files for download on various P2P networks. The user-defined author and title of the files offered for download by Defendant suggested that many were copyrighted sound recordings being disseminated without the authorization of the copyright owners. The RIAA downloaded and listened to a representative sample of the music files being offered for download by Defendant and was able to confirm that the files Defendant was offering for distribution were illegal copies of sound recordings whose copyrights are owned by RIAA members. The RIAA also recorded the time and date at which the infringing activity was observed and the IP address assigned to Defendant at the time. See Complaint Exhibit A. The RIAA could not, however, determine the physical location of the user or their identity. The RIAA could determine that the Defendant was using University of Nebraska-Lincoln's service to distribute and make available for distribution the copyrighted files.

Filing #3-2, Exhibit A, ¶ 16. For these reasons, plaintiffs now seek leave to serve limited, immediate discovery on the University of Nebraska-Lincoln to identify each defendant's true name, address, telephone number, e-mail address, and Media Access Control (MAC) addresses.

## LEGAL ANALYSIS

As the court observed in *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999), service of process poses a special dilemma for plaintiffs in cases where the alleged wrongdoing occurred entirely on-line.

> The dilemma arises because the defendant may have used a fictitious name and address in the commission of the tortious acts. Traditionally, the default requirement in federal court is that the plaintiff must be able to identify the defendant sufficiently that a summons can be served on the defendant. See Fed. R. Civ. P. 4. This requires that the plaintiff be able to ascertain the defendant's name and address.
>
> As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant....

The court's opinion includes a thoughtful discussion of the need to protect the victims of tortious acts, such as defamation, copyright infringement, and trademark infringement, which may be committed anonymously and entirely on-line, with the "legitimate and valuable right to participate in online forums anonymously or pseudonymously." *Id.* at 578. "People who have committed no wrong should be able to participate online without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity," *id*. at 578, and "[p]re-service discovery is akin to the process used during criminal investigations to obtain warrants." *Id.* at 579. Thus, the court developed the following criteria to determine whether pre-service discovery should be allowed:

1. The plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court.

2. The plaintiff should identify all previous steps taken to locate the elusive defendant.

3. Plaintiff should establish to the court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss, i.e., the plaintiff must make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act.

4. Plaintiff should file a request for discovery, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible.

*Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. at 579-81.

I also note that the relief requested in this motion is not strictly prohibited within the Eighth Circuit:

> The defendants suggest, citing *Phelps v. United States*, 15 F.3d 735 (8th Cir.), *cert. denied*, 511 U.S. 1114 (1994), that it is impermissible to name fictitious parties as defendants. In general, this is true, but, as we held in *Munz v. Parr*, 758 F.2d 1254 (8th Cir.1985), an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.

*Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (permitting a *Bivens* action naming fictitious parties as defendants to go forward because the allegations in the complaint were "specific enough to permit the identity of the party to be ascertained after reasonable discovery").

Having carefully considered the allegations of the complaint, together with the Evidence Index (#3) submitted by the plaintiffs in support of their request for discovery, I find that plaintiffs have shown good cause for allowing the discovery sought in this instance and have satisfied all four factors identified in *Columbia Ins. Co. v. seescandy.com*.

**IT THEREFORE IS ORDERED:**

1.  Plaintiffs' Motion for Leave to Take Immediate Discovery (#1) is granted.

2.  Plaintiffs may serve a Rule 45 subpoena on the relevant Internet Service Provider, i.e., the University of Nebraska-Lincoln, to identify each defendant's true name, address, telephone number, e-mail address, and Media Access Control (MAC) addresses.

**DATED June 8, 2005.**

              **BY THE COURT:**

              s/ **F.A. Gossett**
              **United States Magistrate Judge**